**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLES JESSE ARMSTRONG-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-01364-NCC |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Charles Jesse Armstrong-Bey's application to proceed in the district court without prepaying fees and costs. The Court finds that plaintiff lacks sufficient funds to pay the filing fee and will grant the application. Additionally, for the following reasons, the Court will dismiss plaintiff's complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed without payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## The Complaint

Plaintiff Charles Jesse Armstrong-Bey brings this civil action against defendants the United States of America, Housing and Urban Development (HUD), and Saint Andrews Real Estate Management. His statement of his claim, in full, is as follows:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

Rats, Roaches, Verm[in], Infestation of insects, crime infiltrations, narcotics, disease, fires, flood, improper maintenance of properties, security breaches, rape, robberies, [illegible] person of improper maintenance of plumbing, roofing, electric appliances 2002 to present 2023, deaths of [illegible] citizens [illegible] village LEII 5521 Well ave Saint Louis Mo. 63112 Leased to act on complaints

(Compl. at 6).

For relief, plaintiff seeks a replacement of his 80-inch Vizio TV, 50 pairs of shoes, repair of a car window, replacement of birds and cage, and "theft of $43,000 via Joseph Hicks, Executive Director, and Cameron Morris 10/24/2023." He alleges the amount in controversy is $79.9 billion.

## Discussion

As a threshold issue, plaintiff has written into the caption of his complaint "CLASS ACTION." To the extent he seeks to bring his claims on behalf of a class of people, he cannot. "Rule 23(a) of the Federal Rules of Civil Procedure establishes four prerequisites to the maintenance of a class action." *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 717

(8th Cir. 2023). Specifically, "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030, 1037 (8th Cir. 2018).

Because of the requirement of adequate representation, it is well established that a self-represented litigant cannot represent the rights, claims, and interests of other parties in a class action lawsuit. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (providing that "[a] nonlawyer…has no right to represent another entity"); *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming district court determination that pro se litigant could not adequately represent a class, "because the competence of a layman is clearly too limited to allow him to risk the rights of others"); *Casey-El v. City of St. Louis Dep't of Pub. Safety*, 2022 WL 17250170, at * 2 (E.D. Mo. Nov. 28, 2022) (stating that "it is well established that non-attorney pro se plaintiffs cannot adequately represent a class"). Thus, to the extent plaintiff seeks to represent a class, these class claims will be dismissed.

As to his individual claims, plaintiff seeks monetary damages against defendants the United States of America, HUD, and Saint Andrews Real Estate Management for the allegedly foul conditions of his public housing unit. The first two defendants are entitled to sovereign immunity against suit, however, and the Court does not have subject matter jurisdiction over plaintiff's claims against the third.

Plaintiff's claims against the United States of America and HUD must be dismissed based on the doctrine of sovereign immunity. "Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020); *see also Hinsley v. Standing Rock Child Protective Servs.* 516 F.3d 668, 671 (8th Cir. 2008)

(stating that "[i]t is well settled that the United States may not be sued without its consent"). To sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. P'ship v. Dep't of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be unequivocally expressed and cannot be implied. *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999). Plaintiff has not shown any waiver of sovereign immunity, and therefore his claims against the United States and HUD will be dismissed.

The only remaining defendant is Saint Andrews Real Estate Management. Liberally construed, plaintiff is alleging breach of contract or breach of warranty against this entity for failure to provide housing suitable for human inhabitation. The Court finds, however, that it does not have subject matter jurisdiction over these claims. Plaintiff has not raised any federal questions, so federal question jurisdiction does not exist. Moreover, Saint Andrews Real Estate Management is not a federal defendant. Also, plaintiff has alleged both he and Saint Andrews Real Estate Management are citizens of the state of Missouri, and therefore this Court cannot exercise diversity jurisdiction. Because the Court does not have subject matter jurisdiction over plaintiff's claims against defendant Saint Andrews Real Estate Management, it will dismiss this defendant.

For these reasons, plaintiff's complaint will be dismissed on initial review for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

-5-

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF Nos. 3]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 19th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE